UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MUNGUIA, | Case No. 1:18-cv-00742-LJO-JDP (HC) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE SUMMARILY DISMISSED |
| v. | |
| JIM ROBERTSON, | ECF No. 1 |
| Respondent. | RESPONSE DUE IN 30 DAYS |

Petitioner Robey Kurt Hairston, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. According to petitioner, the prosecutor in petitioner's state criminal proceeding confused two potential juror's surnames and as a result mistakenly used a peremptory challenge to exclude a potential juror that the prosecutor would not otherwise have sought to exclude. *See People v. Munguia*, No. F069834, 2017 WL 360607, at *1-2 (Cal. Ct. App. Jan. 25, 2017), *review denied* (Apr. 19, 2017). Petitioner contends that the state trial court erred in reopening the voir dire on this basis. *See* ECF No. 1 at 4. He does not explain how the alleged error affected his conviction or sentence. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Because it plainly appears that petitioner is not entitled to relief, and because his petition appears to be untimely, we will require petitioner to show cause why the court should not summarily dismiss the petition.

1

**I.     Screening**

Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). The rule allows courts to dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Unlike a complaint in other civil cases, a Section 2254 petition must adhere to a prescribed form that is appended to the Rules Governing Section 2254 Cases. *See* Rules Governing Section 2254 Cases, Rule 2(d). The appended form prompts a habeas petitioner to provide answers pertaining to various procedural matters, such as procedural default and exhaustion, and the court may dismiss claims at screening for procedural defects. *See Boyd*, 147 F.3d at 1128.

     **a.  Cognizable Habeas Claim under Federal Law**

Petitioner does not state a cognizable habeas claim under federal law. The state trial court allowed the prosecutor to exercise a peremptory challenge—after both sides had accepted a panel of twelve prospective jurors, but before the jurors were sworn—on the ground that the prosecutor had made an honest mistake in excluding the wrong person from the jury panel as a result of confusion over two potential jurors' surnames. *See People v. Munguia*, No. F069834, 2017 WL 360607, at *1-2 (Cal. Ct. App. Jan. 25, 2017), *review denied* (Apr. 19, 2017). The California Court of Appeal, Fifth District, concluded that the trial court did not err under state law and that any error was harmless. *See id*. at *4. The court also explained to petitioner that the alleged error did not implicate a right under the Constitution. *See id*. In this habeas proceeding, petitioner again contends that the trial court erred by reopening the voir dire. *See* ECF No. 1 at 4. Petitioner raises no other claim.

A federal district court can grant habeas relief when a state prisoner's custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition. *See* § 2254; *Harrington v.*

*Richter*, 562 U.S. 86, 97 (2011); *Woodford v. Garceau*, 538 U.S. 202, 206-08 (2003). Under Section 2254, only a holding from the United States Supreme Court can support petitioner's claim. *See Atwood v. Ryan*, 870 F.3d 1033, 1046 (9th Cir. 2017) (reasoning that only a holding from the United States Supreme Court can establish a clearly established federal law). General appeals to broad principles do not state cognizable federal habeas claims. *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004).

Here, there does not appear to be any federal law that supports petitioner's claim. Petitioner does not identify what federal law, if any, has been violated, and does not cite any holding from the Supreme Court supporting his claim. Other than the trial court's alleged error in reopening voir dire, petitioner raises no other claim. Therefore, by the deadline set forth below, petitioner must explain why the court should not summarily dismiss his petition.

**b. Timeliness**

The AEDPA has a one-year statute of limitations for a state prisoner to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The one-year period begins on the latest of the four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*; *see also Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001). The statute of limitations period can be tolled in various ways. For example, a petitioner can obtain equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Williams v. Filson*, 908 F.3d 546,

3

558 (9th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, the petition appears untimely. Petitioner concedes that the California Supreme Court denied review on April 19, 2017, and that he signed and filed his petition more than a year later, on May 25, 2018. *See* ECF No. 1 at 2, 6. Petitioner may yet persuade us that the one-year statute of limitations period should be tolled, but he will need to explain to us why tolling is appropriate.

**II.　Order**

1. Within thirty days from the service of this order, petitioner must to show cause why the court should not summarily dismiss the petition.
2. Failure to comply with this order may result in the dismissal of the petition.

IT IS SO ORDERED.

Dated:　April 29, 2019　　　　　　　　　　　　　　　／s／ Jeremy Peterson
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

No. 202

4