UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MUNGUIA,<br><br>    Petitioner,<br><br>    v.<br><br>JIM ROBERTSON,<br><br>    Respondent. | Case No. 1:18-cv-00742-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 1<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>ECF No. 9 |

Petitioner Jose Luis Munguia, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On April 30, 2019, we ordered petitioner to show cause why his petition should not be dismissed for failure to state a claim and for untimeliness. ECF No. 7. On May 31, 2019, petitioner filed a response and a motion to appoint counsel. ECF No. 8, 9. Because petitioner has failed to address the deficiencies in his petition, we recommend that his petition be dismissed. We deny petitioner's motion to appoint counsel.

**Failure to State a Claim**

Petitioner makes one claim in his habeas petition: that the trial court erred when it reopened voir dire following a mistake made by the prosecutor. ECF No. 1 at 4. The prosecutor

1

confused the names of two potential jurors and so struck the wrong juror. *See People v. Munguia*, No. F069834, 2017 WL 360607, at *1-2 (Cal. Ct. App. Jan. 25, 2017). The trial court granted the government's request to address the mistake by reopening *voir dire* and allowing the prosecutor an additional preemptory challenge. *Id*. The California Court of Appeal, Fifth District, concluded that the trial court did not err under state law in reopening voir dire and that if any error had occurred, it would have been harmless. *See id*. at *4. The court also held that the alleged error did not implicate a right under the Constitution. *See id*.

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). When a state court has adjudicated a petitioner's claims on the merits, a federal court reviews the state court's decision under the deferential standard of section 2254(d). Section 2254(d) precludes a federal court from granting habeas relief unless a state court's decision is (1) contrary to clearly established federal law, (2) a result of an unreasonable application of such law, or (3) based on an unreasonable determination of facts. *See* § 2254(d); *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018).

Here, petitioner does not articulate how the trial court's decision to reopen voir dire violated federal law, unreasonably applied federal law, or was based on an unreasonable determination of facts. Petitioner claims that the reopening of voir dire caused a waste of judicial resources, juror mistrust, and a "change in the makeup of the jury." ECF No. 8 at 2. Although a claim of juror bias can give rise to a cognizable habeas claim, petitioner does not allege that a biased juror was empaneled. It is not enough for him to claim that a "change in the makeup of the jury" occurred without alleging any unconstitutional effects of that change. Petitioner's lone citation to federal law does nothing to support his claim. *See Ariz. v. Fulminante*, 499 U.S. 279 (1991) (declining to apply harmless error analysis to a coerced confession). Therefore, petitioner has failed to state a cognizable habeas claim.

Even if petitioner had stated cognizable habeas claim under federal law, any errors, either individually or cumulatively, would be harmless. A petitioner can obtain federal habeas relief only if "the error had substantial and injurious effect or influence in determining the jury's

2

verdict." *Brecht v. Abrahamson* 507 U.S. 619, 637 (1993). To satisfy this standard, the court must have "grave doubt" as to the outcome, meaning that "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *See O'Neal v. McAninch*, 513 U.S. 432, 435 (1995). Here, petitioner does not claim that the alleged error affected the verdict. Therefore, we recommend dismissal.

**Timeliness**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking habeas relief under § 2254 must comply with the statute of limitations set by 28 U.S.C. § 2244(d). The one-year period begins on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*; *see also Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

The statute of limitations period can be tolled in various ways. For example, a petitioner can obtain equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

We ordered petitioner to show cause why his petition should not be dismissed for failure to file within the statute of limitations. ECF No. 7 at 4. Petitioner failed to address the statute of limitations in his response to the order to show cause. ECF No. 8. Petitioner (1) failed to file his petition within a year of the judgement becoming final, (2) failed to show that any of the

3

provisions of § 2244(d)(1)(B-D) apply to him, and (3) failed to show entitlement to equitable tolling. Therefore, we recommend that the petition be dismissed as untimely.

**Motion to Appoint Counsel**

Petitioner moved for the appointment of counsel, stating that he lacks the financial resources to obtain counsel and the legal knowledge to represent himself. ECF No. 9. A petitioner in a habeas proceeding does not have an absolute right to counsel. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958) ("The Sixth Amendment has no application here . . . .").

In habeas proceedings, there are three specific circumstances in which appointment of counsel is required. First, appointment of counsel is required for an indigent person seeking to vacate or set aside a death sentence in post-conviction proceedings under 28 U.S.C §§ 2254 or 2255. *See* 18 U.S.C. § 3599(a)(2). Second, appointment of counsel may be required if an evidentiary hearing is warranted. *See* R. Governing § 2254 Cases 8(c). Third, appointment of counsel may be necessary for effective discovery. *See id*. at 6(a). None of these situations are present here.

This court is further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if the court determines that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, we evaluate the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims without counsel, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

We cannot conclude that counsel is necessary to prevent a due process violation. The legal issues currently involved are not exceptionally complicated, petitioner is able to articulate his claims, and petitioner has not demonstrated a likelihood of success on the merits. Accordingly, we find that appointed counsel is not necessary to guard against a due process

4

violation and that the interests of justice do not require the appointment of counsel. Petitioner's motion to appoint counsel is denied.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the court decline to issue a certificate of appealability.

**Order**

Petitioner's motion to appoint counsel is denied. ECF No. 9.

**Findings and Recommendations**

We recommend that the court dismiss the petition for failure to state a claim and as untimely. ECF No. 1.

These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: February 6, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.