UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MUNGUIA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JIM ROBERTSON,<br><br>　　　　　Respondent. | Case No. 1:18-cv-00742-NONE-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION<br><br>(Doc. No. 12) |

Petitioner Jose Luis Munguia, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner's sole claim in his habeas petition is that the state trial court erred when it reopened *voir dire* after the prosecutor apparently confused the names of two potential jurors and mistakenly exercised a peremptory challenge to strike the wrong one (Doc. No. 1 at 4). *See People v. Munguia*, No. F069834, 2017 WL 360607, at *1 (Cal. Ct. App. Jan. 25, 2017). Before the jury was sworn in, the prosecution requested an opportunity to address the mistake. *Id.* The trial court held a hearing on that request before granting it and allowing the prosecution to reopen *voir dire* and to exercise an additional peremptory challenge. *Id.* at *2. On direct appeal, the state appellate court found that the trial court did not abuse its discretion under California law in allowing the prosecution to reopen jury

1

selection. *Id.* at *3–4. The state appellate court also held that, even if the trial court erred in granting the prosecution's request to reopen voir dire, petitioner was not prejudiced and therefore "the alleged error was harmless." *Id.* at *5. In addition, the state court concluded that the alleged error did not implicate federal rights because, apart from *Batson v. Kentucky*, 476 U.S. 79 (1986), "errors related to the use of peremptory challenges before a jury is sworn do not implicate a defendant's federal constitutional rights." *Munguia*, 2017 WL 360607, at *4.

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On April 30, 2019, the assigned magistrate judge ordered petitioner to show cause as to why his petition should not be dismissed for failure to state a cognizable claim to federal habeas relief and as untimely under the applicable statute of limitations. (Doc. No. 7.) On May 31, 2019, petitioner filed a response arguing why he believed he had stated a cognizable claim, but failed to address the issue of the timeliness of his federal habeas application. (Doc. No. 8.) On February 6, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed for failure to state a cognizable claim and as time–barred.[1] (Doc. No. 12.) The findings and recommendations also recommended that a certificate of appealability not be issued. (*Id.*) The findings and recommendations were served on petitioner and contained notice that objections thereto were due within 14 days of service. (*Id.*) Petitioner did not file any objections to the pending findings and recommendations and the time to do so has passed.

The findings and recommendations correctly concluded that petitioner failed to state a cognizable claim for federal habeas relief. Petitioner does not explain how the trial court's alleged error violated his constitutional rights under any clearly established federal law. *See* § 2254(d); *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018). Petitioner's sole citation to federal law is to a Supreme Court decision that declined to apply the harmless-error standard to a coerced confession. (Doc. No. 8 at 2–3) (citing *Ariz. v. Fulminante*, 499 U.S. 279 (1991).)

---

[1] In the same document as the findings and recommendations, the magistrate judge also issued an order denying petitioner's request to appoint counsel. That order denying the request for counsel is not addressed here.

2

Petitioner has not explained how the cited authority relates to the claim he has presented. Moreover, the court is unaware of any Supreme Court decision that supports petitioner's claim to federal habeas relief. *See Lancaster v. Holland*, No. CV 15-5496-KES, 2016 WL 1449534, at *11 (C.D. Cal. Apr. 12, 2016) (dismissing a Sixth Amendment claim after the trial court "unswore" the jury which resulted in one juror being replaced, noting: "[t]he Sixth Amendment does not guarantee Petitioner a right to a particular tribunal. It guarantees him an impartial one. Petitioner does not contend that any juror was biased, and he cannot contend that he did not receive a jury trial."); *id.* (explaining that petitioner was not placed in double jeopardy in violation of the Fifth Amendment).

Petitioner also claims without avail that "the reopening of peremptory challenges changed the makeup of the jury, affecting the framework within which the trial proceeded." (Doc. No. 1 at 4.) As the state appellate court explained, petitioner's claim of "structural error" is not applicable in this case: "Errors of this kind include denial of counsel of choice, denial of self-representation, denial of a public trial, and failure to convey to a jury that guilt must be proved beyond a reasonable doubt." *Munguia*, 2017 WL 360607, at *4 (quoting *United States v. Davila*, 569 U.S. 597, 611 (2013)). Only "a very limited class of errors" can constitute structural error. *Davila*, 569 U.S. at 611; *see Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993) (explaining that structural errors are "structural defects in the constitution of the trial mechanism") (citation omitted). The court is unaware of any Supreme Court authority supporting petitioner's argument in this regard and petitioner has pointed to none. *See Lancaster*, 2016 WL 1449534, at *11 (declining to "decide whether the alleged constitutional error was structural or not, because as explained above, there was no constitutional error"). Accordingly, petitioner has failed to state a cognizable claim for federal habeas relief.

Even if petitioner had stated a cognizable claim, the trial court's alleged error was harmless. *See Brecht*, 507 U.S. at 638. Here, the court does not entertain "grave doubt" as to the outcome of petitioner's conviction. *See O'Neal v. McAninch*, 513 U.S. 432, 436 (1995). Petitioner has made no attempt to explain how the reopening of voir dire affected the outcome of the trial of his case. (*See* Doc. No. 1.) Therefore, dismissal of the pending petition is appropriate.

Additionally, the findings and recommendations correctly concluded that petitioner's claim was barred by the statute of limitations. Petitioner's conviction became final on April 19, 2017 when the California Supreme Court denied review of his direct appeal. (Doc. No. 1 at 3.) The instant petition was not filed until May 31, 2018. (*Id.*) Accordingly, the petition was filed outside the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2244(d). Petitioner does not argue that the statute of limitations began to run on a date later than the date on which his conviction became final, *see* § 224(d)(1)(B)–(D), or that the statute of limitations should be equitably tolled in his case. Indeed, petitioner failed to respond to the order to show cause issued by the magistrate judge with respect to the statute of limitations issue. (*See* Doc. No. 8.) Therefore, the pending petition is time barred.

Finally, the findings and recommendations correctly recommend that a certificate of appealability not issue because petitioner failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The court accordingly declines to issue a certificate of appealability.

In accordance with the provisions of § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on February 6, 2020 (Doc. No. 12) are adopted;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

/////

/////

/////

4

3. The court declines to issue a certificate of appealability; and

4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **April 2, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE